IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JARED KYLE HARRIST, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:18-cv-360-JRG-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| *Defendant.* | § § | |

## **MEMORANDUM ORDER**

Currently before the Court is Petitioner's Motion for Award of §406b Attorney Fees (Dkt. No. 19). The Commissioner has filed a response declining to assert a position on the reasonableness of the fee but providing a helpful review of the applicable law.

Jared Kyle Harrist ("Petitioner"), who was 38 with a high school education at that time, was found to be suffering from severe impairments consisting of sleep apnea with likely secondary polycythemia, asthma, obesity, hypertension, cardiac arrhythmia, history of compound fracture at T-11, and anxiety. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least September 1, 2013. Before that time he had worked as an equipment operator and welder in the oil fields. He was not able to return to this past work.

Mr. Harrist hired Matthew Golden on September 30, 2015. On July 25, 2017, after considering evidence from a video hearing, Administrative Law Judge John Antonowicz issued a decision finding that Petitioner was not disabled within the meaning of the Social Security Act from September 1, 2013 through the date of the decision. On June 14, 2018, the Appeals Council of the Department of the Department of Health and Human Services, Social Security

1

Administration affirmed the ALJ's decision finding that Petitioner was not entitled to disability benefits.  This action was filed by Petitioner's current counsel on August 13, 2018.

After filing the action timely (within 60 days of the Appeals Council denial), counsel caused it to be served with reasonable promptness.  After finding that the ALJ's decision was not supported by substantial evidence, the Court reversed and remanded that decision.

After the remand, Petitioner filed a motion for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, which allows a prevailing party in litigation against the United States, including a petitioner for Social Security benefits, to recover his attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  *Id*. at §2412 (d)(1)(a).  The Supreme Court has explained that "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,'" which is statutorily capped.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).  *See generally*, *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011).  The Commissioner did not oppose that request, and the Court awarded a total of $5,293.40 in fees for 26.6 hours of attorney time.

The motion currently before the Court is not under EAJA, but rather under 42 U.S.C. §406(b)(1)(A) which provides that counsel for a Social Security benefits claimant who receives a favorable judgment may be allowed "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Fifth Circuit, along with many others, had held that these fees, like EAJA fees, were to be determined by resort to the lodestar method (though not limited to the statutory fee rate in EAJA).  *Brown v. Sullivan,* 917 F.2d 189 (5th Cir. 1990). The Supreme Court in *Gisbrecht*, *supra*, overturned those holdings.  Justice Ginsburg wrote that the lodestar method was designed

for the "amount of fees properly shifted to the loser in the litigation." *Id*. at 1825.  Congress considered engrafting the lodestar method into § 406, but sought input from the Commissioner, who issued a report finding that, "although the contingency method was hardly flawless, the agency could 'identify no more effective means of ensuring claimant access to attorney representation.'" *Id*. at 1827.  Nonetheless, Justice Ginsburg wrote for the Court that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 1828.

In this case, the Commissioner has determined that Petitioner was owed $198,088.00 in past-due benefits, and she has withheld $49,522.00 representing the 25% amount in the contingent fee agreement that Petitioner signed and filed at the beginning of his most recent administrative application.  That is a large amount compared to the number of hours of attorney time devoted to the appeal, which was 26.6 hours at the time of the EAJA fee application. (Dkt. No. 16-2)[1].  However, the Court considers a number of other factors.  First, there was delay by counsel that contributed to the size of the past due benefits. The Petitioner's brief was filed 9 months after the date set by the Court.  (Dkt. No. 11).   The other delays were due to denials by the Commissioner.  Second, while this case did involve an unusually long medical record (over 2,000 pages), the focus of the appeal was very narrow, dealing primarily with a report by the treating cardiologist that the ALJ did not appropriately consider.  The Petitioner's brief raised only that single issue and was only 13 pages long.  (Dkt. No. 12).

On the other hand, counsel for Petitioner is one of a very few lawyers who are willing to take these cases in this jurisdiction, and he handles his cases well.  Most Social Security appeals

---

[1] The Court is mindful that this number reflects only the time spent on the representation before the Court, but also understands from professional experience that the time spent by attorneys in administrative proceedings (especially in this age of video hearings) is not of a different order of magnitude.

do not result in success. To greatly reduce the fee in one of the few that succeeds would make finding counsel for these cases far more difficult, and would frustrate the Congressional intent in allowing the fees. Furthermore, the fee is already capped at 25%, and is applied only to past due benefits. Petitioner, as a relatively young man, will receive benefits from this representation far exceeding the amount against which counsel's fee has been calculated. In the opinion of the undersigned, Petitioner would have been exceedingly unlikely to have obtained any benefits without counsel. Finally, the remand in this case did not come at an early stage in the representation. Counsel had already performed almost all of the services that were contemplated by the contingent fee agreement.

The past due benefits in this case were not all owed to Petitioner. One of his children was owed $9,463.00 in past due child benefits, and another was owed $38,397.00. (Dkt. No. 19 at 2). Thus, the total past due benefits owed to Petitioner himself was $150,228. One quarter of that amount is $37,557.00. Even this amount would be well over $1,000 per hour. Considering all of the factors discussed above--and especially the delay in the briefing--the Court finds that the full 25% would constitute somewhat of a windfall in this case and not be the most just result.

Accordingly, the Motion for Award of Attorney Fees is granted in part and the Commissioner is ordered to release to counsel for Petitioner the sum of $40,000.00, and to pay the remainder of the benefits withheld to Petitioner. Counsel for Petitioner is directed to refund to Petitioner the amount of the EAJA award as required by that statute.

**SIGNED this 23rd day of May, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE